UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH PIERCE JR.,

    Plaintiff,

v.                                                                   Case No: 8:18-cv-3114-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

    Plaintiff, Kenneth Pierce Jr., seeks judicial review of the denial of his claim for supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## **BACKGROUND**

### **A.    Procedural Background**

    On January 9, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits (Tr. 11, 228–29) and an application for supplemental security income (Tr. 11, 232–34). The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 142–43, 148–49, 153–54, 158–59.) Plaintiff then requested an administrative hearing. (Tr. 163–64.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 32–69.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 19.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–4.)

Plaintiff then timely filed a Complaint with this Court. (Dkt. 1) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

B. **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1963, claimed disability beginning on January 9, 2016.[1] (Tr. 228, 232.) Plaintiff has a general education diploma ("GED"). (Tr. 36.) Plaintiff has no past relevant work experience. (Tr. 18.) Plaintiff alleged disability due to a bulging disc in his back, nerve problems, pre-diabetes, a mental impairment, irritable bowel syndrome, and bilateral neuropathy. (Tr. 250.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since January 9, 2016, the application date. (Tr. 14.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: bipolar disorder, generalized anxiety disorder, intellectual disability, post-traumatic stress disorder, and depression. (Tr. 14.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to

> perform a full range of work at all exertional levels but with non-exertional limitations. Specifically, the claimant can occasionally climb ladders, ropes, and scaffolds, frequently climb ramps and stairs, and frequently kneel, crouch, and crawl, but must avoid concentrated exposure to hazards. He can understand, carry out, and remember simple, routine, and repetitive tasks involving only simple work-related decisions. He has the ability to adapt to routine workplace changes and can tolerate frequent interaction with co-workers and supervisors, but only occasional interaction with the general public.

---

[1] Plaintiff originally claimed disability beginning on January 1, 1990 (Tr. 228, 232) but, at the hearing, amended the alleged onset date to January 9, 2016. (Tr. 34.) Plaintiff acknowledged at the hearing that this change would eliminate his claims under Title II of the Social Security Act. (Tr. 34.) Accordingly, the ALJ dismissed Plaintiff's claims for a period of disability and disability insurance benefits. (Tr. 11.) Plaintiff does not challenge this decision. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (finding that the plaintiff waived a claim "because he did not elaborate on this claim or provide citation to authority about this claim").

(Tr. 16.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the record. (Tr. 17.)

As noted, the ALJ determined that Plaintiff did not have any past relevant work. (Tr. 18.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as janitor, dishwasher, and cleaner. (Tr. 19.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 19.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following:

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining

whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the grounds that the ALJ failed to consider an apparent conflict between the testimony of the VE and the *Dictionary of Occupational Titles* ("DOT"). (Dkt. 17 at 6–10.) Due to the alleged inconsistency between the VE's testimony and the DOT, Plaintiff argues that the ALJ was required to elicit a reasonable explanation for the conflict from the VE before relying on the VE's testimony. (Dkt. 17 at 6.) For the reasons that follow, Plaintiff's contention does not warrant reversal.

When the ALJ determines that a claimant cannot perform past relevant work, the Commissioner must produce evidence that claimant is able to perform other jobs existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). The burden then shifts to the claimant to show that the claimant "is unable to perform the jobs that the Commissioner lists." *Doughty v. Apfel*, 245 F.3d 1274, 1278, n.2 (11th Cir. 2001). "[T]he Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). The ALJ must "introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." *Wilson*, 284 F.3d at 1227. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones*, 190 F.3d at 1229.

During the hearing in the administrative proceeding, the ALJ included Plaintiff's RFC restrictions in the hypothetical to the VE. (Tr. 60.) The VE testified that an individual with Plaintiff's RFC would be able to perform work as a janitor, dishwasher, and cleaner. (Tr. 60.) The ALJ then inquired concerning whether the VE's testimony was consistent with the DOT, and the VE confirmed that it was. (Tr. 62–63.) During questioning from Plaintiff's attorney, the VE stated his position that employers will generally allow "one to one and half days per month" in absences. (Tr. 65.) The VE testified that this finding was based on his "education, training, experience, and a lot of research" and is what he finds to be true "day-to-day working with employers." (Tr. 65.)

**A.     Absences**

Plaintiff argues that the VE's testimony regarding absences conflicts with the Department of Labor publication, *Beyond the Numbers*, which finds that "with up to five years of service, employers provided an average of 8 days per year for paid sick leave." (Dkt. 17 at 7.) Citing to Social Security Rule ("SSR") 00-4p, Plaintiff argues that the ALJ was required to resolve this conflict. (Dkt. 17 at 7–8.) However, SSR 00-4p requires an ALJ to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by" a VE and information in the DOT, "including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles" ("SCO"). SSR 00-4p (S.S.A.), 2000 WL 1898704. Nothing in SSR 00-4p requires the ALJ to resolve a conflict with other Department of Labor publications.

Further, even if SSR 00-4p applied to *Beyond the Numbers*, Plaintiff has not shown a harmful conflict with the relevant testimony of the VE. The ALJ found that Plaintiff has the RFC to perform "a full range of work at all exertional levels but with non-exertional limitations. (Tr. 16.) None of those limitations, however, are a limitation based on the number of days Plaintiff

would need to miss work as a result of his impairments. Based on the medical evidence of record, the ALJ determined that Plaintiff would not need to miss work more often than an individual without Plaintiff's impairments and therefore was not required to include an absence limitation. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877–78 (11th Cir. 2013) (explaining that formulation of the RFC is strictly within the province of the ALJ).

Importantly, Plaintiff does not challenge the RFC, nor does Plaintiff point to any evidence of record to suggest that Plaintiff is more limited than the RFC. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) ("Outlaw has waived this issue because he did not elaborate on this claim or provide citation to authority about this claim."). Because the RFC did not include an absence limitation, the ALJ was not required to include one in the hypothetical to the VE. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (holding that "the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported."). Without an absence limitation in the hypothetical, the VE's testimony regarding the maximum number of absences allowed by employers, elicited by Plaintiff's counsel, did not present a conflict in the evidence that required resolution. Thus, because the ALJ "pose[d] a hypothetical question which comprise[d] all of the claimant's impairments," the testimony of the VE—that Plaintiff can perform the jobs of janitor, dishwasher, and cleaner—"constitute[s] substantial evidence." *Jones*, 190 F.3d at 1229.

   B.   **Apparent Conflict**

Pursuant to SSR 00-4p, an ALJ must inquire during the hearing as to whether there is a conflict between the VE's testimony and the DOT. SSR 00-4p (S.S.A.), 2000 WL 1898704. Further, "the ALJs within the SSA have an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them." *Washington v. Comm'r of*

*Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018). Once a conflict is been identified, "the Ruling requires the ALJ to offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict." *Id.* "The failure to discharge this duty means that the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence." *Id.*

Plaintiff also argues that the VE's testimony regarding the jobs of janitor, dishwasher, and cleaner represents an apparent conflict with the DOT. (Dkt. 17 at 8–9.) Plaintiff contends that the jobs of janitor and dishwasher require a General Education Development ("GED") reasoning level of 2, and that the job of janitor requires a GED language level of 2. (Dkt. 17 at 8.) Plaintiff argues that the ALJ's limitation to "understanding, carrying out, and remembering simple, routine, and repetitive tasks involving only simple work-related decisions" exceeds the reasoning level required by the positions of janitor and dishwasher. (Dkt. 17 at 8–9.) Plaintiff argues that the ALJ could not rely on the VE's testimony without reconciling this apparent inconsistency. (Dkt. 17 at 9.)

Notably, however, Plaintiff makes no argument that there is an apparent conflict regarding the job of cleaner. In *Bishop v. Berryhill*, the court held that it "need not determine whether the VE's testimony that a claimant limited to simple, routine, repetitive tasks can perform work requiring a reasoning level of 2 because the VE identified a significant number of jobs that require only a reasoning level of 1." *Bishop v. Berryhill*, No. 2:17-cv-620-FtM-DNF, 2019 WL 851415, at *4 (M.D. Fla. Feb. 22, 2019). Similarly, the ALJ in this case found that Plaintiff could perform the job of cleaner, which requires a reasoning level of 1. *See* DICOT § 323.687-014, 1991 WL 672783. Additionally, the ALJ found that there are approximately 136,000 jobs in the national economy (Tr. 18), which is a significant number. *See Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 935 (11th Cir. 2015) (affirming a finding that 23,800 jobs in the national economy

constituted a significant number); *Brooks v. Barnhart*, 133 F. App'x 669, 671 (11th Cir. 2005) (affirming a finding that 840 jobs in the national economy constituted a significant number). Thus, because "the ALJ relied on VE testimony as to a significant number of job numbers to which Plaintiff does not object, the Court finds that remand would be inappropriate given the facts of this case." *Bishop*, 2019 WL 851415, at *4.

Further, Plaintiff has not identified an apparent conflict as to the other jobs. Plaintiff is correct that the jobs of janitor and dishwasher require a GED reasoning level of 2. *See* DICOT § 358.687-010, 1991 WL 672957 (janitor); DICOT § 318.687-010, 1991 WL 672755 (dishwasher). Contrary to Plaintiff's argument, however, courts have concluded that "the requirement of Reasoning Level 2 or 3 is not inconsistent with the ability to perform only simple tasks," as long as those jobs have a specific vocational preparation ("SVP") time of 2. *Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 873 (11th Cir. 2016); *Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 661–62 (11th Cir. 2007); *Hobbs v. Colvin*, No. 8:13-cv-3233-T-24 MAP, 2015 WL 628763, at *5 (M.D. Fla. Feb. 12, 2015); *Gray v. Colvin*, No. 3:12-cv-506/EMT, 2014 WL 1118105, at *8 (N.D. Fla. Mar. 20, 2014); *Hurtado v. Astrue*, Case No. 09-60930-CIV, 2010 WL 1850261, at *12 (S.D. Fla. Apr. 14, 2010). All of the jobs the VE identified Plaintiff could perform have an SVP of 2. (Tr. 60–61). An SVP of 1 or 2 corresponds to the regulatory definition of unskilled work. *See* SSR 00-4p, 2000 WL 1898704, at *3. Unskilled work requires "little or no judgment to do simple duties." 20 C.F.R. §§ 404.1568(a), 416.968(a). Thus, the positions of janitor and dishwasher do not exceed Plaintiff's limitations in the RFC to perform simple, routine, and repetitive tasks involving only simple work-related decisions. (Tr. 16.)

In sum, no apparent conflict existed between the VE's testimony and the DOT. As a result, the VE's testimony constituted substantial evidence on which the ALJ properly relied in finding

that Plaintiff could perform other jobs in the national economy and concluding that Plaintiff was not disabled. *See Jones v. Comm'r of Soc. Sec.*, 423 F. App'x 936, 938 (11th Cir. 2011) (observing that VE's testimony constitutes substantial evidence if the ALJ poses a hypothetical which includes all of the claimant's impairments").

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on March 2, 2020.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record